IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO: 3:08CR089-MPM

WILLIAM ROGERS, and
JEFFREY ROGERS.

## MOTION IN LIMINE TO EXCLUDE IMPROPER ARGUMENT
## AND INADMISSIBLE EVIDENCE

Comes now the United States, by and through its undersigned attorneys, and hereby respectfully requests an in limine order from this Court prohibiting improper argument and introduction of inadmissible evidence at trial. Specifically, the Government requests an order: (A) excluding any reference to inadmissible arrests and other alleged bad acts of the victim; (B) excluding any reference to defendant William Rogers's military record and awards and to both defendants' law enforcement commendations; and (C) prohibiting the introduction of any evidence or any argument aimed at jury nullification. In support of this motion, the Government states:

### I. BACKGROUND

A federal grand jury has indicted defendants William Rogers and Jeffrey Rogers on criminal civil rights and obstruction of justice charges. Specifically, the Indictment alleges that, in June 2007, defendants William Rogers and Jeffrey Rogers, while employed as deputies for the Tippah County Sheriff's Office, assaulted arrestee Jimmy Dale Hunsucker, Jr., by repeatedly tasering him without justification, causing bodily injury to him. The Indictment also charges that, after they assaulted Hunsucker, defendants William Rogers and Jeffrey Rogers made false entries into their respective official reports, claiming that Hunsucker was the aggressor, with the

intent to obstruct any investigation into their crimes.

To help ensure a fair trial in this case, the Government is moving to exclude inadmissible evidence regarding the victim's alleged bad character and the defendants' alleged good character and inappropriate argument that may encourage a verdict which is inconsistent with the jury's oath and the law.

## II. LEGAL ARGUMENT

**A. Reference to Jimmy Dale Hunsucker, Jr.'s, Arrests that Did Not Result in Conviction and Any Other Alleged Specific Incidents of Bad Conduct Should be Excluded**

As part of their defense, the defendants may attempt to introduce inappropriate evidence regarding the victim's character. Specifically, the defendants, in an attempt to portray the victim as the aggressor, may seek to admit evidence of the victim's eight arrests, one of which was for aggravated assault; evidence of the victim's alleged conduct during those arrests; and evidence of other alleged specific incidents of bad conduct. This Court, however, should prohibit the admission of such evidence, as it violates Federal Rules of Evidence.[1]

**1. Evidence of Specific Instances of the Victim's Conduct is Inadmissable Under Fed. R. Evid. 405(b)**

The Rules of Evidence sharply limit the extent to which defendants may present character evidence regarding a victim. The Rules state a general principle that character evidence is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Fed. R. Evid. 404(a). Rule 404(a) lists three exceptions to the general rule, one regarding

---

[1] In addition, the defendants may attempt to impeach Hunsucker with his one prior conviction, which is a Mississippi felony conviction for Possession of Methamphetamine and which has been expunged.

2

character of the accused, a second regarding the character of victims, and a third for the character of witnesses. Fed. R. Evid. 404(a). United States v. Keiser, 57 F.3d 847, 854 (9th Cir. 1995) ("Section 404(a) established the general prohibition: 'Evidence of a person's character or a trait of character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion . . . .' Fed. R. Evid. 404(a). The rule then provides three exceptions to the prohibition, one of which is the exception for character of the victim provided in section 404(a)(2).").

Under Rule 404(a)(2), a defendant may present evidence of a "pertinent character trait" of a victim. But evidence of a victim's character trait is admissible if, and only if, that character trait is pertinent, or decisively relevant, to the issues before the jury. Fed. R. Evid. 404(a)(2); see United States v. Gulley, 526 F.3d 809, 818-19 (5th Cir. 2008) (holding that "evidence of a 'pertinent' character trait of the victim may be introduced" but that a victim's prior violent acts are "not admissible to prove his alleged propensity for violence"). Where, as here, a defendant is accused of assaulting an arrestee, the arrestee's alleged aggressiveness or character trait for violence will likely be raised at trial.

Even when evidence regarding a victim's "pertinent" trait is admissible, Rule 405 limits the means by which a defendant may establish that pertinent trait. Specifically, Rule 405 states that a defendant may not adduce specific instances of a victim's conduct as a means establishing a victim's pertinent character trait unless that trait "is an essential element of a charge, claim, or defense" in the case.[2] Fed. R. Evid. 405(b); United States v. Ellisor, 522 F.3d 1255, 1271 n. 22

---

[2] On cross-examination, a defendant may ask a government witness who has testified as to the pertinent character trait of the victim about specific prior acts of the victim. Fed. R. Evid. 405(a); see id. advisory committee note ("[O]n cross-examination inquiry is allowable as to

3

(11th Cir. 2008) ("Specific instances of conduct are inadmissible as character evidence, except in cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense.")(internal quotations and citations omitted); Keiser, 57 F.3d at 856 (A character trait is not "an essential element" of a defense unless "proof, or failure of proof, of the character trait by itself actually [would] satisfy an element of the charge, claim, or defense.").

Importantly, a victim's character for violence is not an "essential element" of the defense of self-defense. Indeed, the Fifth Circuit has explained that a victim's character for violence or otherwise is "not an essential element of the self defense claim in the 'strict sense' because a self defense claim may be proven regardless of whether the victim has a violent or passive character." Gulley, 526 F.3d at 819. Thus, evidence of specific acts by a victim to establish the victim's aggressiveness or character for violence is inadmissible under Rule 405(b) in a self-defense case.

In this case, defendants William Rogers and Jeffrey Rogers should be prohibited from offering evidence regarding the victim's arrests, his alleged conduct during those arrests, and other alleged specific incidents of bad conduct because such evidence constitutes improper character evidence. As the Indictment alleges, the defendants repeatedly tasered Hunsucker without justification and falsified their reports, claiming that Hunsucker was the initial aggressor, to cover up their crimes. Therefore, their defense is essentially one of self-defense. And where, as here, the defendants claim self-defense, evidence of specific instances of the victim's conduct

---

whether the reputation witness has heard of particular instances of conduct pertinent to the trait in question. The theory is that, since the reputation witness relates what he has heard, the inquiry tends to shed light on the accuracy of his hearing and reporting."); United States v. Kellogg, 510 F.3d 188, 192 (3d Cir. 2007) ("Federal Rule of Evidence 405(a) expressly allows the government to cross-examine character witnesses regarding their knowledge of specific instances of the defendant's conduct.").

is inadmissible under Rule 405(b) because the victim's character for violence is neither an "essential element" of the crimes charged in the Indictment nor an "essential element" of the defense of self-defense. See Gulley, 526 F.3d at 817-19 (affirming, in a murder trial in which defendant claimed self-defense, exclusion of evidence of the murder victim's eight specific instances of violent conduct because it was improper character evidence); United States v. Gregg, 451 F.3d 930, 934 (8th Cir. 2006) (affirming, in a murder prosecution, exclusion of evidence of regarding specific instances of violent conduct by the victim because the victim's violent character was not an essential element of the defendant's defense of self-defense); Keiser, 57 F.3d at 854-55 (holding that, in an aggravated assault trial, specific instances of the victim's violent conduct was properly excluded because the victim's penchant for violence was not an essential element of the defense of self-defense or the defense of defense-of-others).  Thus, the defendants in this case should be prohibited from offering evidence of specific acts of the victim to establish the victim's alleged aggressiveness because such evidence is inadmissible under Rule 405(b).

    **2.    Specific Instances Evidence, Reputation, and Opinion Evidence Are Also Inadmissable Under Fed. R. Evid. 403**

Even where evidence of a pertinent character trait of a victim is admissible, that evidence, regardless of whether it is comprised of reputation and opinion testimony or specific acts evidence, may be excluded under Rule 403 if its probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; see United States v. Yazzie, 188 F.3d 1178, 1190-92 (10th Cir. 1999); United Sates v. Waloke, 962 F.2d 824, 830 (8th Cir. 1992) ( "The district court has discretion to exclude evidence offered under Rule 405(b) if it determines that Rule 403 considerations warrant

5

exclusion.") Character evidence relating to a victim is particularly susceptible to these dangers because of the potential that such evidence will be used simply to tarnish a victim by suggesting a propensity to commit bad acts, thus encouraging jury nullification. See United States v. Milk, 447 F.3d 593, 600 (8th Cir. 2006) (affirming the district court's exclusion of evidence of a victim's prior bad acts under Fed. R. Evid. 403); United States v. Schatzle, 901 F.2d 252, 256 (2d Cir. 1990); see also McCormick on Evidence § 193 at 572 (Cleary ed. 1984).

Evidence of Hunsucker's arrests, his alleged conduct during those arrests, and other alleged bad acts is excludable under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Admission of specific acts evidence regarding the victim likely will invite the jury to reach improper conclusions, such as: (1) because Hunsucker has been arrested for aggravated assault in the past, he is more likely to have resisted officers or acted as the aggressor in the incident at issue; and (2) because Hunsucker has been arrested multiple times and committed other alleged bad acts, he is a perpetual offender who got what he deserved. Thus, the evidence at issue would amount to improper propensity evidence. Fed. R. Evid. 403, Advisory Committee Notes (Courts should exclude evidence that risks "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Furthermore, such evidence of specific acts will likely lead the jury to conclude ultimately that, because Hunsucker committed wrongful acts in the past, he probably did so in this case. Such a conclusion is an impermissible basis for a verdict, and the evidence upon which it will be based should be excluded. See Milk, 447 F.3d at 600 (holding that evidence that the murder victim had stabbed the defendant's acquaintance five years before the crime in question

6

was properly excluded under Rule 403); United States v. Sanders, 964 F.2d 295, 298-99 (4th Cir. 1992) (holding that evidence of the defendant's prior conviction for assault was inadmissible under Rules 609 and 404(b) in his trial for assault with a dangerous weapon because the probative value of that conviction was substantially outweighed by its prejudicial effect and that such evidence only served to demonstrate the defendant's propensity to commit assaults); Waloke, 962 F.2d at 830 (affirming exclusion of evidence of the assault victim's prior violent acts, under Rules 405(b) and 403, because that evidence was "unfairly prejudicial, confusing and misleading" and "would have led to collateral mini trials" of each specific instance)(internal quotations and citation omitted); Schatzle, 901 F.2d at 256 (affirming, in an excessive-force trial, exclusion of testimony about the victim's involvement in a prior altercation because the risk of confusion of issues substantially outweighed the probative value); United States v. Wallace, 848 F.2d 1464, 1473 (9th Cir. 1988) (holding that defendant's prior conviction for heroin trafficking was inadmissible in her trial for possession with intent to distribute heroin, because of the jury's "human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again"); Robinson v. Clemons, No. Civ. A. 96-405, 1998 WL 151285, *3 (D. Del. March 24, 1998) (excluding prior convictions pursuant to Rules 403 and 609, in an action brought pursuant to 42 U.S.C. § 1983, because the victim's prior convictions for assault and resisting arrest would evoke "bad person prejudice" against the victim and provide an impermissible basis for a jury verdict) (unpublished). See generally McCormick on Evidence § 193 at 572 (explaining that character evidence relating to a victim is disfavored because "[l]earning of the victim's bad character could lead the jury to think the victim merely 'got what he deserved' and to acquit for that reason."). Accordingly, evidence of Hunsucker's arrests, his

alleged conduct during those arrests, and other alleged specific instances of his bad conduct, even if admissible under Rule 405, should be excluded under Rule 403.

**B.     Reference to Defendant William Rogers's Military Record and Awards and both Defendants' Law Enforcement Commendations Should be Excluded**

As part of their defense, the defendants also may attempt to introduce inappropriate evidence regarding their character.  Specifically, the defendants may, in an attempt to portray themselves as upstanding individuals who did not use unjustified force in the assault in question, seek to admit evidence of defendant William Rogers's 19-year military career in which he served as an intelligence and cryptologic specialist, held a top secret, sensitive compartmented information (TS/SCI) security clearance, and presumably received various awards for his time in service.  The defendants may also seek to admit evidence of both defendants' law enforcement commendations.  The Court, however, should prohibit the admission of such evidence, as it violates the Federal Rule of Evidence.

Any reference during the trial to defendant William Rogers's military record and awards and to both defendants' law enforcement commendations would constitute improper character evidence under Rules 404(a)(1) and 608, and thus should be excluded.  Rule 404 allows a defendant to introduce evidence of a character trait only if that trait is "pertinent" to the crimes charged. Fed. R. Evid. 404(a)(1).  In this case, however, where the defendants are accused of assaulting an arrestee and lying to cover up the incident, military records and awards and law enforcement commendations are in no way "pertinent" to the crimes charged. United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1990) (evidence of defendant's military and police commendations was not "pertinent" in a case alleging mail fraud conspiracy and perjury, and

8

thus, the commendations were not admissible under Rule 404(a)(1)); see United States v. Washington, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (evidence of defendant's police commendations in his trial for conspiracy, possession with intent to distribute cocaine, and various weapons offenses, all arising out his abuse of his authority as an officer with the Metropolitan Police Department, were inadmissible under Rules 404 and 405); see also United States v. Hooks, 24 M.J. 713, 717 (A.C.M.R. 1987) (evidence of defendant's "good military character," such as testimony that defendant was an outstanding Sergeant First Class and did his job well, was not "pertinent," under Military Rules of Evidence 404(a)(1), in defendant's trial for an off-base, off-duty kidnaping and rape of a German citizen). Thus, evidence of defendant William Rogers's military record and awards and both defendants law enforcement commendations is inadmissible under Rule 404(a).

Rule 608(a), which permits the use of certain character evidence in the form of reputation or opinion regarding a witness' truthfulness or untruthfulness, does not dictate a different result. Fed. R. Evid. 608(a). Assuming that defendant William Rogers testifies at trial, his former military duties and awards are in no way relevant to his truthfulness. Likewise, both defendants' law enforcement commendations are equally irrelevant to their truthfulness. Thus, that evidence is also inadmissible under Rule 608.

Even if defendant William Rogers's military record and awards and the defendants' law enforcement commendations were pertinent to the crimes charged, evidence as to those accolades would constitute inadmissible hearsay. Evidence of the defendant William Rogers's military record and awards, as well as of his and his son's law enforcement commendations, and the reasons for which they were awarded would be constitute out-of-court statements regarding

9

defendant's performance of his duties. Therefore, such evidence is inadmissible hearsay. See Nazzarro, 889 F.2d at 1168 (testimony regarding defendant's military and police commendations were "classic hearsay and inadmissible for that reason as well"); United State v. Barry, 814 F.2d 1400, 1404 (9th Cir. 1987) (excluding, on hearsay grounds, defendant's letters of commendation received for his performance of his naval security police duties); see also United States v. De Jongh, 937 F.2d 1, 5 n. 7 (1st Cir. 1991) (stating that even if defendant's good conduct certificate could have been authenticated, it likely would not have been admissible in defendant's trial for possession of cocaine on relevancy and hearsay grounds). Accordingly, any reference to defendant William Rogers's military records and awards and to both defendants' law enforcement commendations would violate the strictures of the Federal Rules of Evidence and therefore should be excluded from trial.

**C. Allowing Evidence and Arguments Urging Nullification would be Prejudicial**

As part of their defense, the defendants may attempt to introduce issues extrinsic to the evidence presented at trial and to suggest to the jury that it should ignore the law governing this case. Although every argument cannot be anticipate by the Government or the Court, the Government anticipates that the defendants, in an effort to convince the jury that a conviction would be "unfair," may claim that Hunsucker is a ne'er-do-well who is perpetually in trouble with the law and that, in contrast, the defendants are upstanding citizens. Defendant William Rogers may also suggest to the jury that, because he is a military veteran with 19 years of service to his country, he should be forgiven of any illegal acts. Because these arguments may encourage the jury to disregard the evidence presented at trial as well as the law governing this case, the arguments should be prohibited.

A defendant may not present evidence or make arguments that encourages jury nullification. Although passionate arguments may be the hallmark of quality advocacy, the nature of the arguments must be based on admissible evidence adduced at trial and limited to permissible inferences that may be drawn from that evidence. It is axiomatic that defense counsel may not suggest that a jury disregard its oath and obligations to follow the law provided by the Court. See United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996) ("a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence"); United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) (a trial judge "may block defense attorneys' attempts to serenade [the] jury with the siren song of nullification."). Nor, may counsel argue that harsh or unfair sentences warrant acquittal. See Manning, 79 F.3d at 219 (an attorney may not circumvent the rule against arguing jury nullification by arguing the severity of punishment); see also United States v. DeToro, 426 F.2d 181, 184 (5th Cir. 1970) (informing the jury of potential sentence in a case "tend[s] to draw the attention of the jury away from their chief function as sole judges of the facts [and] open[s] the door to compromise verdicts") .

The concern for protecting the integrity of the jury's deliberative process extends to prohibiting counsel from engaging in improper advocacy at every stage of the trial, and it is the duty of the trial court to prevent any attempt at jury nullification. United States v. Thomas, 116 F.3d 606, 616 (2d Cir. 1997). In keeping with this duty, a trial court should exclude otherwise irrelevant evidence and argument which would serve only to nullify the verdict. See United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998) ("Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting

11

otherwise irrelevant evidence."). Accordingly, the defendants should be prohibited from introducing issues extrinsic to the trial evidence and from suggesting to the jury that it should ignore it oath and the law governing this case.

### III. CONCLUSION

WHEREFORE, the government respectfully request that this Court grant the government's motion in limine and exclude the aforementioned evidence and argument.

Respectfully submitted this 2nd day of September, 2008.

| | |
|---|---|
| JIM M. GREENLEE<br>United States Attorney | Grace Chung Becker<br>Acting Assistant Attorney General<br>Civil Rights Division<br>United States Department of Justice |

                                                             By:  /s/ Kathleen J. Monaghan
                                                                   KATHLEEN J. MONAGHAN
                                                                   MICHAEL J. FRANK
                                                                   U.S. Department of Justice
                                                                   Civil Rights Division
                                                                   Criminal Section -- PHB
                                                                   950 Pennsylvania Ave. NW
                                                                   Washington, D.C. 20530
                                                                   tele:  (202) 514-3204
                                                                   fax:  (202) 514-8336

## CERTIFICATE OF SERVICE

    I, Kathleen J. Monaghan, certify that on this 2nd day of September, 2008, the foregoing Motion in Limine was electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to:

    Anthony L. Farese, Esq.
    Farese, Farese & Farese
    P.O. Box 98
    Ashland, MS 38603-0098
    tony@fareselaw.com

    Christi Rena McCoy, Esq.
    1739 University Avenue, No. 252
    Oxford, MS 38655
    mccoylaw@avsia.com
    cmlawoxford@aol.com


    /s/ Kathleen J. Monaghan
    KATHLEEN J. MONAGHAN